UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ALEXANDER ALHOVSKY,

                              Plaintiff,

-against-

THOMAS RYAN, NEW YORK CITY POLICE DEPARTMENT DETECTIVES "1-5", NEW YORK CITY POLICE DEPARTMENT OFFICERS "1-10", JACK T. LINN, STEVE SIMON, RAY BROWN, BARBARA BROWN, and the NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, and the CITY OF NEW YORK,

                              Defendants.

------------------------------------------------------------------x

**CITY DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

07 CV 7628 (CM)

1.     Defendants City of New York and Detective Thomas Ryan ("City defendants") submit this statement pursuant to Local Civil Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, to set forth material facts[1] as to which they contend there are no genuine issues to be tried.

2.     Plaintiff filed an amended complaint ("complaint") on or about November 6, 2007, alleging violations of federal law. *See Declaration of Suzette Corinne Rivera, dated April 29, 2008, ("Rivera Decl."), Exhibit A.*

3.     On or about November 15, 2007, an answer to the complaint was filed on behalf of City defendants. *See Rivera Decl., Exhibit B.*

---

[1] The following facts are drawn from the complaint and from the deposition of plaintiff, taken in accordance with the Court's individual practices. Defendants do not concede the truthfulness of any of these allegations; mindful, however, of the Court's obligation to construe the allegations as true for the purpose of this motion, defendants set forth the allegations as pled by plaintiff.

4. On or about June 25, 2006[2], plaintiff left his balloon pump on a chair at a Starbucks located at 1128 Third Avenue in Manhattan, New York. *See Rivera Decl., Exhibit A page 2 ¶ 16.*

5. At approximately 10:10 p.m. on June 25, 2006, a 911 call was placed from that Starbucks in which the caller stated that a suspicious package, which appeared to be an explosive device, had been left at the location. *See Rivera Decl., Exhibit D.*

6. Police Officers from the 19th Precinct, as well as officers from the Emergency Services Unit and the Bomb Squad, arrived at that Starbucks. *See Rivera Decl., Exhibit E.*

7. The various officers that arrived at the Starbucks conducted interviews of the employees at Starbucks and tested the device that was left at the location. *See Rivera Decl., Exhibit F.*

8. After conducting visual and radiographic examinations of the device that was left at Starbucks, it was determined that the device was not an explosive device. *See Rivera Decl., Exhibit G.*

9. The detectives did not know what the device was, but determined that it was constructed in such a way as to resemble one that could cause public alarm and therefore it was deemed to be a "Hoax Device". *Id.*

10. N.Y. Penal Law § 240.62 provides "Placing a false bomb or hazardous substance in the first degree.

---

[2] Plaintiff's Complaint (Exhibit "A", page 2 ¶ 16) alleges that he left the pump on June 21, 2006. However the record evidence indicates that the actual date was June 25, 2006.

> A person is guilty of placing a false bomb or hazardous substance in the first degree when he or she places, or causes to be placed, in or upon school grounds, a public building, or a public place any device or object that by its design, construction, content or characteristics appears to be or to contain, a bomb, destructive device, explosive or hazardous substance, but is, in fact, an inoperative facsimile or imitation of such a bomb, destructive device, explosive or hazardous substance and which he or she knows, intends or reasonably believes will appear to be a bomb, destructive device, explosive or hazardous substance under circumstances in which it is likely to cause public alarm or inconvenience. For purposes of this section the term "public building" shall have the meaning set forth in section four hundred one of the executive law. Placing a false bomb or hazardous substance in the first degree is a class D felony." See Rivera Decl., Exhibit H.

11. Police Officers continued to investigate the incident in order to determine who left the device at Starbucks and on June 26, 2006, obtained a surveillance tape from Starbucks that showed the individual leaving the device.. See Rivera Decl., Exhibits I and J.

12. The surveillance tape showed plaintiff in Starbucks on June 25, 2006, inside of the location leaving the device. See Rivera Decl., Exhibit Q.

13. On June 27, 2006, still photographs from the surveillance tape were made by members of the New York City Police Department. See Rivera Decl., Exhibits K and Q.

14. On June 26, 2006, photographs were taken of the device that was left at Starbucks on June 25, 2006. See Rivera Decl., Exhibit R.

15. On June 28, 2006, members of the New York City Police Department set up surveillance at Starbucks in an attempt to locate the individual that left the hoax device at that location on June 25, 2006. See Rivera Decl., Exhibit L.

16. On that date, members of the New York City Police Department saw plaintiff riding a bicycle past the Starbucks located at 1128 Third Avenue in Manhattan, New York. See Rivera Decl., Exhibit N, ¶ 10.

17. When the members of the New York city Police Department saw plaintiff riding his bicycle on June 28, 2006, they recognized him as the person who left the device in Starbucks on June 25, 2006. See Rivera Decl., Exhibit N, ¶ 13.

18. A radio transmission was sent from members of the New York City Police Department to other members of the New York City Police Department regarding the pursuit of plaintiff. See Rivera Decl., Exhibit N, ¶ 9.

19. Plaintiff was apprehended in the vicinity of First Avenue and placed into custody by Police Officers Parul, Mornzani and Gaven. See Rivera Decl., Exhibit M.

20. At the time plaintiff was placed into custody, plaintiff was in possession of a belly bag that contained a plastic tube with a switch on the end. Id.

21. On June 28, 2006, Detective Thomas Ryan responded to the vicinity of 1st Avenue and East 66th Street, in Manhattan, New York. See Rivera Decl., Exhibit N, ¶ 14.

22. When he arrived at that location, he observed plaintiff, who was handcuffed and in the custody of police officers. Id. at ¶ 15.

23. Detective Ryan transported plaintiff to the 19th Precinct for questioning related to the June 25, 2006, incident wherein a device that appeared to be an explosive device was left at Starbucks located at 1128 Third Avenue in Manhattan, New York. Id. at ¶ 16.

24. Upon arrival at the 19th Precinct, plaintiff was placed in an interview room and the handcuffs were removed. Id. at ¶17

25. Detective Thomas Ryan interviewed plaintiff regarding the device that was left at Starbucks on June 25, 2006, as well as the device that he was carrying on June 28, 2006. Id. at ¶ 18.

26. After interviewing plaintiff, research was conducted on the internet, and it was determined that the device left in Starbucks on June 25, 2006, was a tool used to inflate balloons. Id. at ¶ 19.

27. After photographing and testing the device that was in plaintiff's possession at the time he was taken into custody, it was determined to be a device used to inflate balloons. See Rivera Decl., Exhibit O.

28. Plaintiff's arrest was voided. See Rivera Decl., Exhibit L.

29. Plaintiff's arrest for a violation of Penal Law Section 240.92 was voided. See Rivera Decl., Exhibit P.

Dated:     New York, New York
           April 29, 2008

                                    MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of
                                    New York Attorney for Defendants City of
                                    New York and Detective Thomas Ryan

              By:                   _____
                                    Suzette Corinne Rivera (SR 4272)
                                    Assistant Corporation Counsel