

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

SUZETTE CORINNE RIVERA
*Assistant Corporation Counsel*
Phone: (212) 788-9567
Fax: (212) 788-9776
srivera@law.nyc.gov

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/08

June 2, 2008

BY FAX
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street, Room 640
New York, NY 10007
212-805-6326

*No EBT of Ryan*
[signature] 6/3/08

Re: <u>Alexander Alhovsky v. Thomas Ryan, et al.</u>, 07 CV 7628 (CM) (DFE)

Dear Judge McMahon:

    I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and counsel for defendant Thomas Ryan. I write in response to plaintiff's letter dated May 29, 2008, wherein he requests that defendants either withdraw that portion of our motion that does not relate to the qualified immunity defense of allow plaintiff the opportunity to depose Thomas Ryan prior to responding to our motion. Defendants do not intend to withdraw any part of their motion for partial summary judgment and respectfully request that Your Honor deny plaintiff's request to conduct the deposition of defendant Ryan.

    As discussed more fully in defendants' motion dated May 1, 2008, plaintiff does not allege any personal involvement whatsoever on the part of Detective Ryan in the alleged use of excessive force against him[1]. <u>See</u> Defendants' Motion for Partial Summary Judgment, Points I A and III A.

---

[1] Plaintiff has filed an amended complaint naming other officers that may have had physical contact with plaintiff, however Detective Ryan is not one of those officers

With respect to plaintiff's false arrest claim, Detective Ryan is entitled to qualified immunity because there was probable cause to arrest and detain plaintiff pending an investigation into the charges against plaintiff. See Defendant's Motion for Partial Summary Judgment, Points II and III B. See also plaintiff's Amended Complaint ¶¶ 26 – 30 specifically addressing Detective Ryans alleged involvement in plaintiff's arrest and detention. Indeed, plaintiff does not allege that defendant Ryan made the decision to arrest him or played any role in the decision to arrest plaintiff. Thus, defendants respectfully submit that a deposition of defendant Ryan will not shed any light into the issue of qualified immunity.

It also bears noting that plaintiff's counsel has not provided any explanation as to why a deposition of defendant Ryan is appropriate in light of the fact that discovery has been stayed in accordance with Your Honor's individual rules of practice. Further, plaintiff's letter is devoid of any explanation as to why or how the deposition of defendant Ryan is necessary since he had minimal involvement in plaintiff's arrest.

For the foregoing reasons, and in light of the fact that any deposition of defendant Ryan would be futile since he was not personally involved in the alleged incident involving plaintiff until after plaintiff was placed in handcuffs and there are no allegations of force against him, defendants respectfully request that Your Honor deny plaintiff's requests.

Respectfully submitted,

Suzette Corinne Rivera (SR 4272)
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY FAX
Robert Erlanger, Esq.
212-560-9681

2