UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

ALEXANDER ALHOVSKY,

Plaintiff

-against-

THOMAS RYAN, NEW YORK CITY POLICE DEPARTMENT DETECTIVES STEVEN GOETZ AND JOSE M. ALFONSO, NEW YORK CITY POLICE DEPARTMENT OFFICERS SGT. PANUCCIO, PAUL MORNZANI AND GAVEN, JACK T. LINN, STEVE SIMON, RAY BROWN, BARBARA JOYNER, the NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, and the CITY OF NEW YORK,

Defendants.

-----------------------------------------------------------------------x

**ANSWER TO THE SECOND AMENDED COMPLAINT**

07 CV 7628 (CM) (DFE)

Defendants, Thomas Ryan and the City of New York[1], by their attorney, MICHAEL A. CARDOZO, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the amended complaint.

2. Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that the City of New York is a municipal corporation, incorporated pursuant to the laws of the State of New York.

---

[1] Upon information and belief, Detectives Steven Goetz and Jose M. Alfonso, Sgt. Panuccio and Police Officers Paul, Mornzani and Gaven have not been served with process.

3. Deny the allegations set forth in paragraph "3" of the amended complaint, except admit that the New York City Police Department ("NYPD") is an agency of the City of New York established pursuant to Chapter 18, Section 431, et seq. of the New York City Charter ("City Charter").

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that Thomas Ryan, Jose M. Alfonso and Steven Goetz are employed by the New York City Police Department.

5. Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that Sgt. Panuccio, Paul and Gaven are employed by the NYPD.

6. Deny the allegations set forth paragraph "6" of the amended complaint, except admit that the Parks Department is an agency of the City of New York established pursuant to Chapter 21, Section 531, et seq. of the City Charter.

7. Admit the allegations set forth in paragraph "7" of the amended complaint.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Steven Simon is employed by the Parks Department as the Chief of Staff to the Department's Manhattan Borough Commissioner.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Raymond Brown is employed by the Parks Department as the Director of Special Operations for the Parks Enforcement Patrol.

10. Admit the allegations set forth in paragraph "10" of the amended complaint.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that this Court has jurisdiction over plaintiff's claims.

12. Deny the allegations set forth in paragraph "12" of the amended complaint, except admit that venue is proper in the Southern District of New York.

13. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the amended complaint.

14. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the amended complaint.

15. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the amended complaint, except admit that the NYPD was called.

16. Deny the allegations contained in paragraph "16" of the amended complaint.

17. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the amended complaint.

18. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the amended complaint with regards to the FBI, except admit the NYPD conducted an investigation.

19. Deny the allegations contained in paragraph "19" of the amended complaint, except admit that on June 26, 2006, a device was vouchered and that device was determined to be a Majiloon Balloon Pump.

20. Deny the allegations contained in paragraph "20" of the amended complaint.

21. Deny the allegations contained in paragraph "21" of the amended complaint.

22. Deny the allegations contained in paragraph "22" of the amended complaint.

23. Deny the allegations contained in paragraph "23" of the amended complaint.

24. Deny the allegations contained in paragraph "24" of the amended complaint.

25. Deny the allegations contained in paragraph "25" of the amended complaint, except admit that plaintiff was transported to the 19th Precinct.

26. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "26" of the amended complaint.

27. Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations contained in paragraph "28" of the amended complaint, except admit that plaintiff's apartment was searched.

29. Deny the allegations contained in paragraph "29" of the amended complaint.

30. Deny the allegations contained in paragraph "30" of the amended complaint.

31. Deny the allegations contained in paragraph "31" of the amended complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint, except admit that at

various times, including in 2005 and 2006, plaintiff has obtained permits from the Parks Department to perform on Wallach Walk in Central Park.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "33" of the amended complaint. Deny the allegations set forth in the second sentence of paragraph "33" of the amended complaint, except admit that in passing, defendant Linn inquired in a conversational and friendly way whether plaintiff was the person he had read a newspaper article about. Deny the allegations set forth in the third sentence of paragraph "33" of the amended complaint.

34. Deny the allegations set forth in paragraph "34" of the amended complaint.

35. Deny the allegations set forth in paragraph "35" of the amended complaint, except admit that in July 2007 defendant Brown had a conversation with plaintiff about his performing in Central Park.

36. Deny the allegations set forth in paragraph "36" of the amended complaint.

37. Deny the allegations set forth in paragraph "37" of the amended complaint, and respectfully refer this Court to Title 56, Section 1-05(b) of the Rules of the City of New York ("RCNY") for its full text and true meaning.

38. Deny the allegations set forth in paragraph "38" of the amended complaint, and aver that the language quoted by plaintiff is actually contained in RCNY Title 56, Section 1-05(c)(1), and respectfully refer this court to that section for full text and true meaning

39. Deny the allegations set forth in paragraph "39" of the amended complaint and respectfully refer this Court to RCNY Title 56, Section 1-03(b)(6) for its full text and true meaning.

40. Deny the allegations set forth in paragraph "40" of the amended complaint, and aver that pursuant to the decision of the United Sates Court of Appeals for the Second Circuit in Mastrovincenzo v. City of New York, 435 F.3d 78 (2d Cir. 2006), it is entirely lawful for the Parks Department to require plaintiff to obtain a permit prior to painting faces and shaping balloons in Central Park.

41. Deny the allegations set forth in paragraph "41" of the amended complaint.

42. Deny the allegations set forth in paragraph "42" of the amended complaint, except admit that on July 7, 2007 Parks Enforcement Patrol Officer Metehan Eglimez issued a Notice of Violation ("NOV") returnable at the Environmental Control Board ("ECB") to plaintiff for violating RCNY Title 56, Section 1-03(b)(6).

43. Deny the allegations set forth in paragraph "43" of the amended complaint, except admit that after a hearing, by decision dated August 28, 2007, ECB dismissed the NOV.

44. Deny the allegations set forth in paragraph "44" of the amended complaint, except admit that at various times, including in 2005 and 2006, plaintiff has obtained permits from the Parks Department to perform on Wallach Walk in Central Park.

45. Deny the allegations set forth in paragraph "45" of the amended complaint to the extent they allege or purport to allege that defendants Linn or Simon acted improperly or contrary to law.

46. In response to the allegations set forth in paragraph "46" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "45," inclusive of this answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. Paragraph "50" of the amended complaint contains legal conclusions to which no response is required. To the extent a response is required, defendants deny the allegations.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. Deny the allegations set forth in paragraph "53" of the amended complaint.

54. In response to the allegations set forth in paragraph "54" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "53," inclusive of this answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph "55" of the amended complaint.

56. Deny the allegations set forth in paragraph "56" of the amended complaint.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. Deny the allegations set forth in paragraph "58" of the amended complaint.

59. In response to the allegations set forth in paragraph "59" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "58," inclusive of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. Deny the allegations set forth in paragraph "62" of the amended complaint.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. In response to paragraph "66" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65," inclusive of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the amended complaint.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Admit the allegation set forth in paragraph "69" of the amended complaint.

70. Deny the allegations set forth in paragraph "70" of the amended complaint.

71. Deny the allegations set forth in paragraph and "71" of the amended complaint.

72. In response to paragraph "72" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "71," inclusive of this answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. Deny the allegations set forth in paragraph "75" of the amended complaint.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. Deny the allegations set forth in paragraph "78" of the amended complaint, except admit that plaintiff purports to proceed as set forth therein.

79. In response to paragraph "79" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "78," inclusive of this answer, as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the amended complaint.

81. Deny the allegations set forth in paragraph "81" of the amended complaint, except admit that plaintiff purports to proceed as set forth therein.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

83. In response to paragraph "83" of the amended complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "82," inclusive of this answer, as if fully set forth herein.

84. Admit the allegations set forth in paragraph "84" of the amended complaint.

85. Deny the allegations set forth in paragraph "85" of the amended complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

86. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

87. Defendants have not violated any rights, privileges or immunities secured to the plaintiff by the constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

88. Title 56, Sections 1-03(c)(1) and (c)(6) and 1-05(b) and (c)(1) are constitutional, valid and enforceable in all respects, including against plaintiff.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

89. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

90. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

91. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

92. Plaintiff may not have satisfied all the conditions precedent to suit.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

93. There was probable cause for plaintiff's arrest, detention and prosecution.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

94. Punitive damages cannot be assessed against the City of New York, the Department of Parks and Recreation or the New York City Police Department.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

95. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

WHEREFORE defendants respectfully request a judgment dismissing the complaint, awarding defendants their costs and disbursements herein, including reasonable attorney's fees, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
June 3, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendants Thomas Ryan, Jack T. Linn, Steve Simon, Ray Brown, Barbara Joyner, the New York City Department of Parks and Recreation, and the City of New York
100 Church Street, Room 5-188
New York, New York 10007
(212) 788-1035

By: Sheryl R. Neufeld
Sheryl R. Neufeld (SK - 2728)
Assistant Corporation Counsel

Suzette Corinne Rivera ( SR 4272)
Assistant Corporation Counsel