Index No.  07 CV 7628 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXANDER ALHOVSKY,

Plaintiff,

-against-

THOMAS RYAN, NEW YORK CITY POLICE DEPARTMENT
DETECTIVES "1-5," NEW YORK CITY POLICE
DEPARTMENT OFFICERS "1-10," JACK T. LINN, STEVE
SIMON, RAY BROWN, BARBARA BROWN, and the NEW
YORK CITY DEPARTMENT OF PARKS AND RECREATION,

Defendants.

**DEFENDANTS DETECTIVE THOMAS RYAN AND THE CITY
OF NEW YORK'S REPLY MEMORANDUM OF LAW**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Suzette Corinne Rivera*
*Tel:  (212) 788-9567*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................ 1

ARGUMENT

      POINT I

           PLAINTIFF HAS FAILED TO COMPLY WITH
           LOCAL RULE 56.1 ................................................................................. 2

      POINT II

           THE NEW YORK CITY POLICE DEPARTMENT
           IS A NON-SUABLE ENTITY ................................................................ 3

      POINT III

      DEFENDANTS DID NOT EXCEED THE SCOPE OF F.R.C.P. 12 BY
      RELYING ON DOCUMENTS OUTSIDE OF THE PLEADINGS................…...4

      POINT IV

           PLAINTIFF HAS NOT RAISED A QUESTION
           OF FACT SUFFICIENT TO DEFEAT
           DEFENDANTS' MOTION WITH RESPECT TO
           HIS FALSE ARREST CLAIM ................................................................ 5

      POINT V

           PLAINTIFF'S EXCESSIVE FORCE CLAIM
           FAILS ..................................................................................................... 7

           A.  Defendant Ryan was not personally involved in
               any alleged use of force against plaintiff. ........................................... 7

           B.  Any injuries are de minimus in nature and do
               not rise to the level of a constitutional violation................................. 8

**Page**

POINT VI

      DETECTIVE RYAN IS ENTITLED TO QUALIFIED IMMUNITY ................................................................. 8

POINT VII

      PLAINTIFF CANNOT ESTABLISH A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ................................................................ 9

CONCLUSION................................................................ …………………………………………...1022

# TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Pages**

Anderson v. Libery Lobby, Inc.,
    4477 U.S. 242, 106 S. Ct. 2502 (1986)............................................................................2

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002).................................................................................5

Giannullo v. City of New York,,
    322 F.3d 139, 140 (2d Cir. 2003)..........................................................................3

International Audiotext Network, Inc. v. AT&T Co.,
    62 F.3d 69 (2d Cir. 1995)...............................................................................4, 5

Maurice  v. New York City Department of Corrections, et al.,
    93 Civ. 6008 (JFK), 1997 U.S. Dist. LEXIS 11057 (S.D.N.Y. July 30, 1997) ........................4

McAllister v. New York City Police Department, et al.,
    97 Civ. 7420 (KMW) (AJP), 1998 U.S. Dist. LEXIS 8847 (S.D.N.Y. June 15, 1998).........3, 4

Romano v. New York City Department of Corrections, et al.,
    95 Civ. 0302 (CSH), 1996 U.S. Dist. LEXIS 22090 (S.D.N.Y. May 7, 1996) ......................4

Rossi v. New York City Police Department,
    94 Civ. 5113 (JFK), 1998 U.S. Dist. LEXIS 1717 (S.D.N.Y. February 17, 1998) ..................4

Rooney v. Wittich,
    21 F. Supp. 2d 273 (S.D.N.Y. 1998)...................................................................10

Samuels v. Air Transportation Local 504,
    992 F.2d 12 (2d Cir. 1993).................................................................................4

Scotto v. Almenas,
    143 F.3d 105 (2d Cir. 1998)...............................................................................2

Vasquez v. City of New York,
    99 Civ. 4606 (DC), 2000 U.S. Dist. Lexis 8887 (S.D.N.Y. June 29, 2000) ...........................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ALEXANDER ALHOVSKY,

                                    Plaintiff,

        -against-                                              07 CV 7628 (CM)

THOMAS RYAN, NEW YORK CITY POLICE
DEPARTMENT DETECTIVES "1-5", NEW YORK
CITY POLICE DEPARTMENT OFFICERS "1-10",
JACK T. LINN, STEVE SIMON, RAY BROWN,
BARBARA BROWN, and the NEW YORK CITY
DEPARTMENT OF PARKS AND RECREATION, and
the CITY OF NEW YORK,

                                    Defendants.

------------------------------------------------------------------------x

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

### PRELIMINARY STATEMENT

Defendants Thomas Ryan and the City of New York submit the instant Reply Memorandum of Law in further support of their motion for judgment on the pleadings, or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. Rule 56, on the grounds that plaintiff fails to state a claim under 42 U.S.C. §1983 against said defendants, and on the grounds that Thomas Ryan is entitled to qualified immunity.

### STATEMENT OF FACTS

The facts relevant to defendants Thomas Ryan and the City of New York's Reply Memorandum are set forth in defendants' statement pursuant to Local Civil Rule 56.1, dated April 29, 2008.

**ARGUMENT**

**POINT I**

**PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 56.1.**

In response to Defendants' Local Rule 56.1(a) Statement, plaintiff submitted a response, as required by the Local Rules. However, despite the clear requirements of Local Rule 56.1(b), plaintiff's responsive statement fails to comply with the Local Rules.

The standard for summary judgment is clear and plaintiff can not defeat defendants' motion by simply relying on conclusory allegations or "unsubstantiated speculation." Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). Pursuant to Local Rule 56.1(e), each statement set forth by plaintiff in his opposition "must be followed by citation to evidence which would be admissible." Finally, Local Civil Rule 56.1(c) states that "all material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party." Where the plaintiff fails to refute those facts with admissible evidence, there is no genuine issue of material fact and summary judgment should be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1987).

Here, instead of responding to the factual allegations in defendants' Rule 56.1 Statement with admissible evidence or purported denials, plaintiff simply responds and objects on the grounds that "the City did not ask for or receive the Court's permission to make a non-qualified immunity FRCP 56 motion" and defendants have "sandbagged[1] Alhovsky by using discoverable documents and information in their possession. Additionally, in the few instances where

---

[1] Plaintiff makes repeated reference to defendants "sandbagging" or "sneaking in documents." Defendants submit that any such allegations are entirely inappropriate, unwarranted, and without merit.

2

plaintiff attempts to respond to defendants' allegations, plaintiff relies wholly on his own conclusory allegations and speculation.    Without any actual admissible evidence, plaintiff's allegations alone are improper to oppose summary judgment.    A party's failure to comply with the requirements of Local Rule 56.1(b), such as failing to present admissible evidence to support claims, is not merely a technicality, but a fatal omission that leads to and often requires dismissal of claims.    Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).    Thus, to the extent plaintiff objects to defendants' 56.1 statements in the aforementioned manner, the Court should conclude that plaintiff failed to properly oppose summary judgment and these statements[2] in defendants' 56.1 must be deemed admitted.

## POINT II

### THE NEW YORK CITY POLICE DEPARTMENT IS A NON-SUABLE ENTITY.

In support of his argument that defendants' motion should be denied with respect to plaintiff's false arrest and excessive force claims, plaintiff argues that "the NYPD knew that the balloon pump was not a bomb " and that the "NYPD engaged in 'take down a terrorist exercise." See Plaintiff's Opposition (hereinafter "P's Opp.") pgs. 13 & 17; See also P's Opp. pgs. 18 – 20, 22.    However, any purported claims against the NYPD should be dismissed because it is not a suable entity.    Further, as an agency of the City of New York it lacks independent legal existence.

It is well settled that the NYPD is not a suable entity.  See McAllister v. New York City Police Department, et al., 97 Civ. 7420 (KMW) (AJP), 1998 U.S. Dist. LEXIS 8847 (S.D.N.Y.

---

[2] Specifically, the statements set forth in paragraphs 5 – 9, 11 – 23, and 26 – 29 of Defendants' Local Civil Rule 56.1 Statement dated April 29, 2008.

June 15, 1998); <u>Rossi v. New York City Police Department</u>, 94 Civ. 5113 (JFK), 1998 U.S. Dist.

LEXIS 1717, (S.D.N.Y. February 17, 1998).  As the <u>Rossi</u> court concluded, "[t]"he New York

City Police Department is an organizational subdivision of the City of New York, lacking

independent legal existence and as such is not a suable entity." <u>Rossi</u>, <u>supra</u>.  <u>See also Maurice</u>

<u>v. New York City Department of Corrections, et al.</u>, 93 Civ. 6008 (JFK), 1997 U.S. Dist. LEXIS

11057 (S.D.N.Y. July 30, 1997); <u>Romano v. New York City Department of Corrections, et al.</u>,

95 Civ. 0302 (CSH), 1996 U.S. Dist. LEXIS 22090, (S.D.N.Y. May 7, 1996).

Since the NYPD is not a suable entity any purported claims against it should be

dismissed.

**POINT III**

**DEFENDANTS DID NOT EXCEED THE
SCOPE OF F.R.C.P 12 BY RELYING ON
DOCUMENTS OUTSIDE OF THE
PLEADINGS.**

Plaintiff argues, *albeit* unconvincingly, and without citation to any legal authority, that

defendants have inappropriately relied "on discovery material far beyond the pleadings and thus

has sought to take unfair advantage of the Court's rule…" P's Opp., pg. 1.  To the contrary,

defendants submit that their reliance on documents outside of the pleadings was appropriate, in

compliance with Your Honor's Individual Rules of Practice, and any such documents should

similarly be relied on by the Court in deciding defendants' motion.

In deciding such a motion, a court should consider "the facts alleged in the pleadings,

documents attached as exhibits or incorporated by reference in the pleadings and matters of

which judicial notice may be taken." <u>Samuels v. Air Transp. Local 504</u>, 992 F.2d 12, 15 (2d Cir.

1993); <u>Int'l Audiotext Network, Inc</u>. <u>v. AT&T Co.</u>, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

For purposes of dismissal, the complaint "is deemed to include any written instrument attached

4

to it as an exhibit or any statements or documents incorporated in it by reference." <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting <u>Int'l Audiotext</u>, 62 F.3d at 72). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." <u>Chambers</u>, 282 F.3d at 153 (internal citations omitted).  In addition, "it is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports, criminal complaints, indictments, and criminal disposition data. <u>Vasquez v. City of New York</u>, 99 Civ. 4606 (DC), 2000 U. S. Dist. LEXIS 8887, at *3 (S.D.N.Y. June 29, 2000) (citations omitted).  Thus, reliance on documents outside of the pleadings was appropriate.

Furthermore, defendants have thoroughly reviewed Your Honor's Individual Rules of Practice and Your Honor's Rules do not prohibit the filing of a motion for summary judgment on qualified immunity grounds.  To the contrary, pursuant to Rule 3C, Your Honor's rules state that "a motion for ***summary judgment*** on the issue of qualified immunity must be served and filed at the earliest possible opportunity."  Accordingly, defendants did not violate F.R.C.P. 12 by submitting a motion for judgment on the pleadings or, in alternative for summary judgment, and relying on documents outside of the pleadings in support of their motion.

## POINT IV

### PLAINTIFF HAS NOT RAISED A QUESTION OF FACT SUFFICIENT TO DEFEAT DEFENDANTS' MOTION WITH RESPECT TO HIS FALSE ARREST CLAIM.

Plaintiff appears to argue that defendant Ryan lacked probable cause to arrest him for a violation of P.L. § 240.62 – Placing a False Bomb or Hazardous Substance in the First Degree,

on June 28, 2006, because no one could have possibly known whether the device left at Starbucks on June 25, 2006, was a functioning device or a bomb imitation.  <u>See</u> P's Opp. At pg. 15.  Plaintiff's argument misses the mark.

As further discussed in defendants' memorandum of law in support of their motion, Detective Ryan, as well as the other officers assigned to investigate the device left at Starbucks on June 25, 2006, was required to determine whether the device was an inoperable facsimile or bomb imitation and whether it was left by a person who knew, or intended or reasonably believed it would appear to be a bomb an it was likely to cause public alarm or inconvenience.  <u>See</u> N.Y.S. Penal Law § 240.62  In fact, plaintiff was only detained during the pendency of the investigation and his arrest was later voided.  Defendants respectfully refer the Court to their Memorandum of Law Dated May 1, 2008, for a full recitation of the investigation conducted by members of the New York City Police Department, which, defendants submit, formed the basis of the probable cause in this case.

Furthermore, in an apparent attempt to create a factual issues where none exists regarding the issue of probable cause, plaintiff makes repeated conclusory allegations without citation to any record evidence or even plaintiff's own deposition testimony.  For example, plaintiff states that he "exhibited nothing more than equivocal or innocent behavior" because the photographs show him "in his multi-colored tie-died outfit ordering a beverage, drinking it in a relaxed manner." <u>See</u> P's Opp. At pg. 23.  Plaintiff further argues that the Manager knew plaintiff was a "non-threatening, frequent customer".  <u>See</u> P's Opp. At pg. 18.  However, plaintiff fails to cite to any document or any particular photograph displaying what plaintiff so vividly describes.  Plaintiff's conclusory statements do not establish a lack of probable cause to arrest plaintiff.

Accordingly, there was sufficient probable cause to arrest and detain plaintiff while defendant Ryan investigated whether the device, which resembled an explosive device, was left at Starbucks by a person who knew, intended or reasonably believed that it would cause public alarm.    Thus, plaintiff's false arrest claim should be dismissed.

## POINT V

## PLAINTIFF'S EXCESSIVE FORCE CLAIM FAILS.

*A. Defendant Ryan was not personally involved in any alleged use of force against plaintiff.*

Plaintiff has not set forth any evidence to establish that Thomas Ryan was personally involved in any alleged use of force involving plaintiff.  Indeed, plaintiff has not presented any evidence whatsoever to show that Detective Ryan was even involved in the apprehension or handcuffing of plaintiff and, in fact, plaintiff does not even allege that he was. P's Opp., generally.  Thus, for this reason alone, any excessive force claim against defendant Ryan must fail.

Plaintiff also argues that the Court should not dismiss any excessive force claim because of "supervisory liability."  This argument is unintelligible.  Defendant Ryan is not a supervisory official within the NYPD and therefore, he cannot act in that capacity.  In fact, there is no evidence in the record nor has plaintiff presented any evidence to suggest otherwise.  Indeed, as discussed more fully in defendants' motion and as recognized by plaintiff is his opposition, "personal involvement in an alleged constitutional deprivations is a prerequisite to a damages award."  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  As such, any purported excessive force claim should be dismissed for lack of personal involvement on the part of defendant Ryan.

7

**B. *Any injuries are de minimus and do not rise to the level of a constitutional violation.***

Furthermore, plaintiff has not established that his injuries are anything more than *de minimus* in nature. In fact, plaintiff simply dismisses defendants' argument by saying that any issue regarding the nature of plaintiff's injuries and the fact that he only suffered a "few bruises" relates to damages and not liability. P's Opp., pg. 15. Plaintiff is mistaken and has disregarded the large body of relevant Second Circuit case law relied on by defendants' in their motion.

Since plaintiff has failed to provide any evidence to suggest that plaintiff was subjected to excessive force by defendant Ryan, or that his injuries are more than *de minimus*, any purported excessive force claim should be dismissed.

**POINT VI**

**DETECTIVE RYAN IS ENTITLED TO QUALIFIED IMMUNITY.**

Plaintiff argues in opposition to defendants' motion that "the qualified immunity defense is not available where the arresting officer may have knowingly violated the law." P's Opp., pg. 20. Plaintiff also argues, again, without citation to any record evidence, that "neither Ryan nor any other NYPD detective or officer could have reasonably believed" that plaintiff should have (or could have) been arrested for committing a crime under New York Penal Law § 240.62. Id.

As an initial matter, plaintiff's assertions are not supported b y any evidence at all. Indeed, plaintiff has not cited to any record evidence, any legal authority, or even his own deposition testimony to support his position that defendant's motion should be denied on qualified immunity grounds. Further, plaintiff does not refute any of specific evidence submitted by defendants nor does he explain any portion thereof.

With respect to plaintiff's claim that "the qualified immunity defense is not available where the arresting officer may have knowingly violated the law," (P's Opp., pgs. 20-21),

8

defendants especially take issue with this baseless allegation. Once again, plaintiff has made a blanket statement without any reference to any record evidence. As any such allegation is wholly unsupported by the facts of this case, defendants respectfully submit that any such allegation should be disregarded in its entirety by this Court.

Likewise, with respect to plaintiff's purported excessive force claim, plaintiff has not established that qualified immunity is not appropriate in this case. In the first place, plaintiff has not demonstrated (nor has he even argued) that defendant Ryan was involved in any way in plaintiff's initial apprehension and arrest. See P's Opp., generally; Point II supra. Furthermore, even assuming *arguendo*, that plaintiff has demonstrated that defendant Ryan was involved in plaintiff's initial apprehension, plaintiff has not demonstrated that plaintiff's injuries were anything more than *de minimus* in nature. Id. Upon information and belief, plaintiff's opposition is silent with respect to any discussion regarding the nature of plaintiff's injuries. Accordingly, for the reasons set forth above and more fully in defendants' motion, Detective Ryan is entitled to qualified immunity on plaintiff's false arrest and excessive force claims. See Defendants' Motion, pages 18-20.

## POINT VII

### PLAINTIFF CANNOT ESTABLISH A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Plaintiff cannot satisfy all of the requisite elements in order to maintain claim for Intentional Infliction of Emotional Distress. Despite plaintiff's rambling, plaintiff only argues that the "NYPD's good cop, bad cop routine and its complete failure to even explain to Alhovsky why he had been arrested" was "outrageous in character and extreme in nature. Plaintiff also argues that plaintiff was "brutally manhandled and detained".

First, plaintiff does not even allege that any of this conduct was done by defendant Ryan himself. Plaintiff only alleges misconduct, in general, against "the NYPD." P's Opp., pg. 22. Additionally, no where in plaintiff's opposition does plaintiff cite to any record evidence or even allege that defendant Ryan's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Rooney v. Wittich</u>, 21 F. Supp. 2d 273 (S.D.N.Y. 1998). Therefore, any purported claim for intentional infliction of emotional distress fails as a matter of law.

## CONCLUSION

For the foregoing reasons, defendants Detective Thomas Ryan and the City Of New York respectfully request that the Court grant their motion for judgment on the pleadings or, in the alternative, for summary judgment on all of the claims in the complaint, together with such costs, fees and further relief as the Court deems just and proper.

Dated:          New York, New York
                    June 18, 2008

                                            Respectfully Submitted
                                            MICHAEL A. CARDOZO
                                            Corporation Counsel of the
                                              City of New York
                                            Attorney for Defendants City of New York and
                                            Thomas Ryan
                                            100 Church Street
                                            New York, New York 10007
                                            (212) 788-9567

                    By:     _____
                                            Suzette Corinne Rivera (SR 4272)
                                            Assistant Corporation Counsel