UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ALEXANDER ALHOVSKY,

                                        Plaintiff

                    -against-

THOMAS RYAN, NEW YORK CITY POLICE
DEPARTMENT DETECTIVES STEVEN GOETZ AND
JOSE M. ALFONSO, NEW YORK CITY POLICE
DEPARTMENT OFFICERS SGT. PANUCCIO, PAUL
MORNZANI AND GAVEN, JACK T. LINN, STEVE
SIMON, RAY BROWN, BARBARA JOYNER, the NEW
YORK CITY DEPARTMENT OF PARKS AND
RECREATION, and the CITY OF NEW YORK,

                                        Defendants.

------------------------------------------------------------------------x

**ANSWER TO THE
SECOND AMENDED
COMPLAINT**
07 CV 7628 (CM) (DFE)

Jury Trial Demanded

          Defendant Jose Alfonso,[1] by his attorney, MICHAEL A. CARDOZO,

Corporation Counsel of the City of New York, for his answer to the second amended complaint,

respectfully allege:

          1.          Denies knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in paragraph "1" of the amended complaint.

---

[1] Defendants City of New York and Thomas Ryan answered the Second Amended Complaint on
June 3, 2008.

Defendants Timothy Gaven, Samuel Panuccio, Steven Goetz and Christopher Paul answered the
Second Amended Complaint on July 24, 2008.

Defendant Timothy Morenzoni answered the Second Amended Complaint on July 28, 2008.

2.      Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that the City of New York is a municipal corporation, incorporated pursuant to the laws of the State of New York.

3.      Denies the allegations set forth in paragraph "3" of the amended complaint, except admit that the New York City Police Department ("NYPD") is an agency of the City of New York established pursuant to Chapter 18, Section 431, et seq. of the New York City Charter ("City Charter").

4.      Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that Thomas Ryan, and Steven Goetz are employed by the New York City Police Department and Jose M. Alfonso is retired from the New York City Police Department.

5.      Denies the allegations set forth in paragraph "5" of the amended complaint, except admits that Sgt. Panuccio, Paul and Gaven are employed by the NYPD, and Sgt. Morenzani is retired from the New York City Police Department.

6.      Denies the allegations set forth paragraph "6" of the amended complaint, except admits that the Parks Department is an agency of the City of New York established pursuant to Chapter 21, Section 531, et seq. of the City Charter.

7.      Admits the allegations set forth in paragraph "7" of the amended complaint.

8.      Denies the allegations set forth in paragraph "8" of the amended complaint, except admits that Steven Simon is employed by the Parks Department as the Chief of Staff to the Department's Manhattan Borough Commissioner.

9.      Denies the allegations set forth in paragraph "9" of the amended complaint, except admits that Raymond Brown is employed by the Parks Department as the Director of Special Operations for the Parks Enforcement Patrol.

10.     Admits the allegations set forth in paragraph "10" of the amended complaint.

11.     Denies the allegations set forth in paragraph "11" of the amended complaint, except admits that this Court has jurisdiction over plaintiff's claims.

12.     Denies the allegations set forth in paragraph "12" of the amended complaint, except admits that venue is proper in the Southern District of New York.

13.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "13" of the amended complaint.

14.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "14" of the amended complaint.

15.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "15" of the amended complaint, except admits that the NYPD was called.

16.     Denies the allegations contained in paragraph "16" of the amended complaint.

17.     Deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "17" of the amended complaint.

18.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "18" of the amended complaint with regards to the FBI, except admits the NYPD conducted an investigation.

19.    Denies the allegations contained in paragraph "19" of the amended complaint, except admits that on June 26, 2006, a device was vouchered and that device was determined to be a Majiloon Balloon Pump.

20.    Denies the allegations contained in paragraph "20" of the amended complaint.

21.    Denies the allegations contained in paragraph "21" of the amended complaint.

22.    Denies the allegations contained in paragraph "22" of the amended complaint.

23.    Denies the allegations contained in paragraph "23" of the amended complaint.

24.    Denies the allegations contained in paragraph "24" of the amended complaint.

25.    Denies the allegations contained in paragraph "25" of the amended complaint, except admits that plaintiff was transported to the 19th Precinct.

26.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "26" of the amended complaint.

27.    Denies knowledge or information sufficient to form a belief as to the allegations set forth in paragraph "27" of the amended complaint.

28.    Denies the allegations contained in paragraph "28" of the amended complaint, except admits that plaintiff's apartment was searched.

29.    Denies the allegations contained in paragraph "29" of the amended complaint.

30.     Denies the allegations contained in paragraph "30" of the amended complaint.

31.      Denies the allegations contained in paragraph "31" of the amended complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the amended complaint, except admits that at various times, including in 2005 and 2006, plaintiff has obtained permits from the Parks Department to perform on Wallach Walk in Central Park.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "33" of the amended complaint. Denies the allegations set forth in the second sentence of paragraph "33" of the amended complaint, except admits that in passing, defendant Linn inquired in a conversational and friendly way whether plaintiff was the person he had read a newspaper article about. Denies the allegations set forth in the third sentence of paragraph "33" of the amended complaint.

34.     Denies the allegations set forth in paragraph "34" of the amended complaint.

35.     Denies the allegations set forth in paragraph "35" of the amended complaint, except admits that in July 2007 defendant Brown had a conversation with plaintiff about his performing in Central Park.

36.     Denies the allegations set forth in paragraph "36" of the amended complaint.

37.     Denies the allegations set forth in paragraph "37" of the amended complaint, and respectfully refers this Court to Title 56, Section 1-05(b) of the Rules of the City of New York ("RCNY") for its full text and true meaning.

38.     Denies the allegations set forth in paragraph "38" of the amended complaint, and avers that the language quoted by plaintiff is actually contained in RCNY Title 56, Section 1-05(c)(1), and respectfully refers this court to that section for full text and true meaning

39.     Denies the allegations set forth in paragraph "39" of the amended complaint and respectfully refers this Court to RCNY Title 56, Section 1-03(b)(6) for its full text and true meaning.

40.     Denies the allegations set forth in paragraph "40" of the amended complaint, and avers that pursuant to the decision of the United Sates Court of Appeals for the Second Circuit in <u>Mastrovincenzo v. City of New York</u>, 435 F.3d 78 (2d Cir. 2006), it is entirely lawful for the Parks Department to require plaintiff to obtain a permit prior to painting faces and shaping balloons in Central Park.

41.     Denies the allegations set forth in paragraph "41" of the amended complaint.

42.     Denies the allegations set forth in paragraph "42" of the amended complaint, except admits that on July 7, 2007 Parks Enforcement Patrol Officer Metehan Eglimez issued a Notice of Violation ("NOV") returnable at the Environmental Control Board ("ECB") to plaintiff for violating RCNY Title 56, Section 1-03(b)(6).

43.     Denies the allegations set forth in paragraph "43" of the amended complaint, except admits that after a hearing, by decision dated August 28, 2007, ECB dismissed the NOV.

44.     Denies the allegations set forth in paragraph "44" of the amended complaint, except admits that at various times, including in 2005 and 2006, plaintiff has obtained permits from the Parks Department to perform on Wallach Walk in Central Park.

45.     Denies the allegations set forth in paragraph "45" of the amended complaint to the extent they allege or purport to allege that defendants Linn or Simon acted improperly or contrary to law.

46.     In response to the allegations set forth in paragraph "46" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "45," inclusive of this answer, as if fully set forth herein.

47.     Denies the allegations set forth in paragraph "47" of the amended complaint.

48.     Denies the allegations set forth in paragraph "48" of the amended complaint.

49.     Denies the allegations set forth in paragraph "49" of the amended complaint.

50.     Paragraph "50" of the amended complaint contains legal conclusions to which no response is required.   To the extent a response is required, defendant denies the allegations.

51.     Denies the allegations set forth in paragraph "51" of the amended complaint.

52.    Denies the allegations set forth in paragraph "52" of the amended complaint.

53.    Denies the allegations set forth in paragraph "53" of the amended complaint.

54.    In response to the allegations set forth in paragraph "54" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "53," inclusive of this answer, as if fully set forth herein.

55.    Denies the allegations set forth in paragraph "55" of the amended complaint.

56.    Denies the allegations set forth in paragraph "56" of the amended complaint.

57.    Denies the allegations set forth in paragraph "57" of the amended complaint.

58.    Denies the allegations set forth in paragraph "58" of the amended complaint.

59.    In response to the allegations set forth in paragraph "59" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "58," inclusive of this answer, as if fully set forth herein.

60.    Denies the allegations set forth in paragraph "60" of the amended complaint.

61.    Denies the allegations set forth in paragraph "61" of the amended complaint.

62.    Denies the allegations set forth in paragraph "62" of the amended complaint.

63.    Denies the allegations set forth in paragraph "63" of the amended complaint.

64.    Denies the allegations set forth in paragraph "64" of the amended complaint.

65.    Denies the allegations set forth in paragraph "65" of the amended complaint.

66.    In response to paragraph "66" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "65," inclusive of this answer, as if fully set forth herein.

67.    Denies the allegations set forth in paragraph "67" of the amended complaint.

68.    Denies the allegations set forth in paragraph "68" of the amended complaint.

69.    Admits the allegation set forth in paragraph "69" of the amended complaint.

70.    Denies the allegations set forth in paragraph "70" of the amended complaint.

71.    Denies the allegations set forth in paragraph and "71" of the amended complaint.

72.     In response to paragraph "72" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "71," inclusive of this answer, as if fully set forth herein.

73.     Denies the allegations set forth in paragraph "73" of the amended complaint.

74.     Denies the allegations set forth in paragraph "74" of the amended complaint.

75.     Denies the allegations set forth in paragraph "75" of the amended complaint.

76.     Denies the allegations set forth in paragraph "76" of the amended complaint.

77.     Denies the allegations set forth in paragraph "77" of the amended complaint.

78.     Denies the allegations set forth in paragraph "78" of the amended complaint, except admits that plaintiff purports to proceed as set forth therein.

79.     In response to paragraph "79" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "78," inclusive of this answer, as if fully set forth herein.

80.     Denies the allegations set forth in paragraph "80" of the amended complaint.

81.     Denies the allegations set forth in paragraph "81" of the amended complaint, except admits that plaintiff purports to proceed as set forth therein.

82.    Denies the allegations set forth in paragraph "82" of the amended complaint.

83.    In response to paragraph "83" of the amended complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "82," inclusive of this answer, as if fully set forth herein.

84.    Admits the allegations set forth in paragraph "84" of the amended complaint.

85.    Denies the allegations set forth in paragraph "85" of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

86.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

87.    Defendant has not violated any rights, privileges or immunities secured to the plaintiff by the constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

88.    Title 56, Sections 1-03(c)(1) and (c)(6) and 1-05(b) and (c)(1) are constitutional, valid and enforceable in all respects, including against plaintiff.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

89.    At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion.  Therefore, defendant City has governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

90.    The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

91.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

92.    Plaintiff may not have satisfied all the conditions precedent to suit.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

93.    There was probable cause for plaintiff's arrest, detention and prosecution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

94.    Punitive damages cannot be assessed against the City of New York, the Department of Parks and Recreation or the New York City Police Department.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

95.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

96.    At all times relevant, the individual defendant acted reasonably in the proper and careful exercise of his discretion.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

97.    Plaintiff's claims may be barred in part by the applicable statute of limitations.

WHEREFORE defendant respectfully requests a judgment dismissing the complaint, awarding defendant his costs and disbursements herein, including reasonable attorney's fees, and granting such other and further relief as the Court deems just and proper.

Dated:          New York, New York
                July 28, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants Thomas Ryan, Steven
                                    Goetz, Timothy Gavin, Samuel Panuccio,
                                    Christopher Paul, Timothy Morenzoni, jose
                                    Alfonso, Jack T. Linn, Steve Simon, Ray Brown,
                                    Barbara Joyner, the New York City Department of
                                    Parks and Recreation, and the City of New York
                                    100 Church Street,
                                    New York, New York 10007
                                    (212) 676-1307

                                    By:

                                         /s/
                                    _____
                                    Dara L. Weiss  (DW 2502)
                                    Assistant Corporation Counsel

- 13 -