UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEXANDER ALHOVSKY,

                               Plaintiff,

                -against-

NEW YORK CITY POLICE OFFICERS
CHRISTOPHER PAUL, TIMOTHY MORENZONI
AND TIMOTHY GAVEN,

                           Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' PROPOSED JURY CHARGE**[1]

**07 Civ. 7628 (CM)**

          Defendants Timothy Gavin, Timothy Morenzoni and Christopher Paul, by their counsel, Corporation Counsel of the City of New York, request, pursuant to Rule 51 of the Federal Rules of Civil Procedure, that the Court give the following instructions to the jury.[2]

### PART I: GENERAL INSTRUCTIONS

      1.                    **Duty of the Court**

**Members of the Jury:**

      **Now that you have heard the evidence and the arguments, it is my duty to give you instructions as to the law applicable in this case.**

      **It is your duty as jurors to follow the law as stated in these instructions, and to apply the rules of law to the facts as you find them from the evidence in this case.**

---

[1]   Defendants respectfully reserve the right to amend and/or supplement their proposed charge, if necessary, at the time of trial based upon the proceedings.

[2]   This Court dismissed all claims against Defendants City of New York, Ryan, Goetz, Alfonso and Panuccio in its Decision and Order dated August 6, 2009. All claims against Defendants Linn, Simon, Brown, Joyner and the New York City Department of Parks and Recreation were dismissed pursuant to a Stipulation and Order of Partial Settlement dated January 9, 2009.

You are not to single out any one instruction as stating the law, but must consider all of the instructions as a whole.

You are not to be concerned with the wisdom of any rule of law stated by the Court. It is your sworn duty to issue a verdict based upon the law as instructed by the Court, regardless of any opinion that you may have about what the law ought to be.  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

### 2.                        No Sympathy, Bias or Prejudice

You must weigh and consider this case without regard to sympathy, prejudice or public opinion.  In reaching your verdict you must not consider anything other than the evidence, which has been presented to you in this action.  All of the parties in this case and the public have the right to expect that you will carefully and impartially consider all the evidence in this case, follow the law as I state it, and then reach a just verdict, regardless of the consequences.  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

### 3.                    Decision on Evidence and Duty of the Jury

As I have told you previously, it is your function as jurors to decide the issues of fact.  Your decision on the issues of fact is to be based solely on evidence.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

The evidence consists of the sworn testimony of witnesses and of the exhibits, which were received into evidence for your consideration.  Also, the facts to which the parties

have agreed or stipulated, and the facts that I have instructed you to find, should be regarded as proven.

Nothing I say is evidence; nothing the lawyers say is evidence. Questions by themselves are not evidence. However, at times, during the course of this trial, counsel for the plaintiff and defendants may have incorporated into their questions statements that they have asked the witness to assume as true. If the witness denied the truth of these statements, and if no other evidence was introduced to prove the assumed fact was true, then you may not consider it to be true simply because it was contained in a lawyer's question. On the other hand, if the witness acknowledged the truth of the statement, you may, of course, consider the witness's answer as evidence that the statement is in fact true.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. However, objections are not evidence. All evidence to which the Court sustained an objection, and any evidence ordered stricken by the Court, must be entirely disregarded.

Counsel also has the right and duty to ask the court to make rulings of law and to request conferences at the side bar, out of the hearing of the jury. I must decide all such questions of law. You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked me for a ruling on the law. Any evidence to which the Court sustained an objection, and any evidence ordered stricken by the Court, must be entirely disregarded.

Please understand that I am neutral in this matter. It is not my job to decide the issues of fact; I leave that entirely to you. My function is to make sure the trial is concluded

as fairly and promptly as possible, and to explain the law to you.  Please do not assume that I have some certain attitude or view of the case.  See Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

4.    <strong>Equality of Parties</strong>

All parties stand as equals before the Court.  The fact that an individual is suing officers of a municipality is of no moment and should not affect your verdict one way or the other.  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

5.    <strong>Burden of Proof and Preponderance of the Evidence Standard</strong>

Alexander Alhovsky, the plaintiff in this civil action has the burden of proof with respect to every essential element of his claim.  This means that unless Mr. Alhovsky can demonstrate each essential element of his claim by what we call a preponderance of the credible evidence, the your verdict must be in favor of the defendants.

The "credible evidence" means the testimony or exhibits that you find worthy of being believed.  The plaintiff has convinced you by a "preponderance of the evidence" if, and only if, after hearing all the evidence, you believe it is more likely than not that some event occurred or some fact exists.  If you believe it more likely that an event did not occur, or that a fact does not exist, then the matter has not been proved to you by a preponderance of the evidence.  If you find the likelihood evenly balanced – maybe yes, maybe no – then the party having the burden of proving the fact to you has not succeeded.  The balance must tip in favor of believing that the particular event did occur or the particular fact did exist in order for the plaintiff to meet his burden of proof.

In determining whether a fact has been proved by a preponderance of the evidence, you may consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them. However, a preponderance of the evidence does not mean the greater number of witnesses, or how much time either side employs in the trial. The phrase refers to the quality of the evidence – its weight or significance – and the effect it has on your minds.

Some of you may have served as a juror in a criminal trial, or watched movies and television shows, or read articles or books dealing with criminal cases and the "proof beyond a reasonable doubt" standard that is required in criminal cases. That standard does not apply in a civil trial. Put out of your mind any discussion you may have heard about proof beyond a reasonable doubt. In a civil case, the proof must be by a preponderance of the credible evidence, as I have just explained that standard to you. Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

### 6.                    Direct and Circumstantial Evidence

In deciding whether a party meets its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly. For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is indirect evidence that tends to prove a disputed fact by proof of other facts. To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

- 5 -

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had been raining. That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

> 7.                    <u>Credibility of Witnesses</u>

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence you find credible that is contrary to the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness's testimony is supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies between the testimony of different witnesses may cause you to discredit the testimony of one of the witnesses. In weighing the effect of the discrepancy, consider whether it pertains to a matter of importance or an unimportant detail, and whether you believe it results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, you think it deserves. Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

       8.                   <u>Interested Witnesses</u>

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Interest in the outcome can create a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind though, that you should not automatically refuse to believe testimony given by an interested witness. There are many people who would not testify falsely, no matter what their own interest in the outcome of the case may be. It is for you to decide, based on your own perceptions and common sense, to what extent if at all, the witness's interest has affected his or her testimony. See Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

9.                              **Expert Witnesses**

You have heard testimony from Dr. Weintrob and Dr. Nassar.  They were qualified as experts.  An expert is allowed to express his opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

An expert's opinion is subject to the same rules concerning reliability as the testimony of all other witnesses.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.

In weighing the expert's testimony, you may consider his qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You should not, however, accept an expert's testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.  <u>Weide v. City of N.Y.</u>, 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

10.                     **Impeachment by Prior Inconsistent Statement**

You may have heard evidence that at some earlier time a witness had said or done something that counsel argues is inconsistent with the witnesses' trial testimony.

Evidence of a prior inconsistent statement, other than a statement from a party to the lawsuit, is not testimony, and so may not be considered by you as affirmative evidence in determining liability.  However, if you find that the witness made an earlier statement

that conflicts with his or her trial testimony, you may consider that inconsistency in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; and whether the witness had an explanation that appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much weight, if any, to give to the fact of the inconsistency as you decide whether to believe all or part of the witness's trial testimony. Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

## 11.        *Falsus in Unum*

If you find that a witness has testified falsely as to any material fact, the law permits you to disregard completely the entire testimony of that witness. You are not required, however, to consider such as witness as totally unworthy of belief. You may accept so much of his or her testimony as you deem true and disregard what you feel is false. It is entirely within your discretion. Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

## 12.        Multiple Defendants

Plaintiff Alexander Alhovsky alleges that he has a right of recovery against Defendants Gavin, Morenzoni and Paul. Plaintiff claims that Officers Gavin, Morenzoni and Paul used excessive force against him in the course of apprehending him.

Now, before I instruct you on the legal elements of each of plaintiff's claims, I wish to instruct you that you must consider separately each defendant's individual involvement, if any, in plaintiff's alleged excessive force claim.

You must return a separate verdict on each defendant for each claim plaintiff has against that defendant. In reaching your verdict, bear in mind that liability is individual. Your verdict must be based solely upon the evidence, or lack of evidence, about each defendant. The case against one defendant stands or falls upon the proof, or lack of proof, against that defendant alone.

In other words, defendants Gavin, Morenzoni and Paul are each entitled to a fair consideration of their own defense, and are not to be prejudiced by the fact, if it should become a fact, that you find against any other defendant. See Devitt, Blackman and Wolff, Federal Jury Practice and Instructions, Civil § 71.06.

## PART II: SUBSTANTIVE LAW

**Plaintiff Alexander Alhovsky, claims that on June 28, 2006 he was subjected to excessive force during his arrest by Police Officers Gavin, Morenzoni and Paul in violation of his rights under the Fourth Amendment to the United States Constitution.  Plaintiff brings this action pursuant to Section 1983 of Title 42 of the United States Code, which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.**  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

**The defendants, Officers Gavin, Morenzoni and Paul deny these allegations and state that their actions were lawful and constitutional.**

**Section 1983 itself does not establish or create any federally protected right. Rather, it is the statute that allows a plaintiff to enforce rights guaranteed to him by the federal Constitution.  Later in these instructions I will explain to you what the specific federal constitutional rights at issue in this case are and what the plaintiff must prove to demonstrate a violation of that right.**

**In order to establish a claim under this statute, however, a plaintiff must demonstrate, by a preponderance of the evidence, the following three elements:**

**First, that the conduct complained of was committed by a person acting under color of state law;**

**Second, that this conduct deprived the plaintiff of a right protected by the Constitution of the United States; and**

**Third, that the defendant's conduct was the proximate cause of the injuries and damages sustained by the plaintiff.**

- 11 -

I will discuss each of the elements in more detail.

1.    First Element: Color of Law

The first element of plaintiff's claim is that the defendants acted under color of state law. In this case, it is not disputed that, at the time of the acts in question, defendants Gavin, Morenzoni and Paul were New York City police officers and were acting under color of state law.

1.    Second Element: Deprivation of a Constitutional Right

The second element of plaintiff's claim is that he was deprived of rights secured to him by the Constitution. In order to establish this second element, plaintiff must establish *all* of the following three prongs by a preponderance of the evidence. Prong One, that the defendant committed the acts alleged by the plaintiff. Prong Two, that those acts caused plaintiff to suffer the loss of a federal right. Prong Three, that in performing the acts alleged, the defendant acted intentionally or recklessly.

Prong One is fairly simple and means exactly what it says. You must first determine whether defendants Gavin, Morenzoni and Paul committed the alleged acts. The law imposes liability only upon a defendant who "subjects, or causes to be subjected" any person to the deprivation of any federal right. Thus, in order for plaintiff to prevail on his claims, there must be evidence of personal involvement by defendants. Under the law, a defendant is considered to have been personally involved in a constitutional violation if the defendant in question directly participated in the alleged wrongful acts. Therefore, you must first make a determination of personal involvement for the defendants for the constitutional violations alleged by the plaintiff. If you find that a defendant was not personally involved in the deprivation of the plaintiff's constitutional rights, then you must find for the defendant on that alleged violation. If, however, you find that a defendant was

- 12 -

personally involved in the deprivation of the plaintiff's constitutional rights, then you must go on and determine whether plaintiff has proved the other elements of his claims regarding the deprivation of his constitutional rights.

Turning to Prong Two – whether defendants' acts caused plaintiff to suffer the loss of a federal right. Plaintiff claims that Officers Gavin, Morenzoni and Paul used excessive force in effecting his arrest. I need to explain this in greater detail.

<u>Excessive Force</u>

Plaintiff claims that Officers Gavin, Morenzoni and Paul used excessive force against him in the course of effecting his arrest. Officers Gavin, Morenzoni and Paul deny this claim and assert that their actions were justified, reasonable under the circumstances, and in accordance with existing law.

The Fourth Amendment guarantees that every person has the right not to be subjected to excessive force while being restrained or taken into custody by a law enforcement officer. A police officer may use only such force as is reasonably necessary under the circumstances either to make an arrest or to keep a person safely in custody once he has been arrested. You must not to consider the subjective good faith or bad faith of the defendant officer. In fact, in restraining an individual or taking an individual into custody, a police officer is not constitutionally required to be courteous. Alleged "evil intentions" are not to be considered excessive force if the force used was in fact reasonable.

The critical issue for you is whether Alexander Alhovsky has proved, by a preponderance of the evidence, that either Officers Gavin, Morenzoni and/or Paul used more force than a reasonable officer would have used in similar circumstances when they

arrested him and/or while he was in custody.  See Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

Excessive force is a relative term, and you must take into account all of the circumstances surrounding a person's restraint.  Whether or not the force used in making an arrest or detaining an individual was unreasonable is a question you must determine in light of all of the credible evidence received in the case.  The reasonableness of a particular alleged use of force must be judged from the perspective of a reasonable NYPD officer on the scene and confronted with the situation you find to have existed.  You should not judge the reasonableness of force with the 20/20 hindsight.  See Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

In determining whether the force exercised was reasonable, you must look to such factors as to the need for the application of force, the relationship of the need and the amount of force that was used and the extent of the injury inflicted.  Graham v. Connor, 490 U.S. 386 (1989).  I also instruct you that an officer need not put himself at risk of physical harm to avoid the use of force.  Graham v. Connor, 490 U.S. 386 (1989).

The Fourth Amendment reasonableness standard requires consideration of the facts and circumstances of Mr. Alhovsky's arrest, including the severity of the crime at issue, whether Officers Gavin, Morenzoni and/or Paul reasonably believed Mr. Alhovsky posed an immediate threat to their safety, to the safety of the other officers or the safety of other people.  You may also consider whether Mr. Alhovsky's was actively resisting arrest or attempting to evade arrest by flight or whether Officers Gavin, Morenzoni and/or Paul reasonably believed Mr. Alhovsky was resisting or attempting to evade arrest.  The reasonableness of an officer's use of force should be judged according to an objective

standard, looking at the facts and circumstances that particular officer was facing at the moment he employed the force.  See Graham v. Connor, 490 U.S. 386, 394-397, 109 S.Ct. 1865, (1989).

In determining whether the amount of force used by defendant was reasonable under the circumstances, you may take into consideration that police officers are often forced to make difficult split-second judgments in circumstances that are tense, uncertain, and rapidly evolving.  Graham v. Connor, 490 U.S. 386, 396 (1989); see also Valerio v. City of New York, 03 Civ. 3027, Jury Charge by the Hon. Charles L. Brieant (S.D.N.Y. Jan. 2006).

You should also be aware that the use of force is not uncommon or unusual in the course of restraining an individual.  Not every push or shove violates a person's constitutional rights.  Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993) ("a de minimis use of force will rarely suffice to state a Constitutional claim"); see also Maxwell v. City of New York, 272 F. Supp. 2d 285, 298 (S.D.N.Y. 2003).  Minor scrapes, bumps or bruises potentially can occur, often unintended, during any arrest, and an arresting officer cannot be held unremittingly liable for every such incident.  Cunningham v. Rodriguez, 01 Civ. 1123 (DC), 2002 U.S. Dist. LEXIS 22660, at *12-13 (S.D.N.Y. Nov. 22, 2002) (blows to back and face were de minimis); Bove v. City of New York, 98 Civ. 8800 (HB), 1999 U.S. Dist. LEXIS 12112, at *20-21 (S.D.N.Y. Aug. 6, 1999) (summary judgment granted on excessive force claim where hospital records showed force used was de minimis).

If you find that defendants Gavin, Morenzoni and/or Paul's use of force with respect to plaintiff was reasonable, you must return a verdict in favor of defendants.  If you find that the use of force by the officer was unreasonable, your verdict must be for the plaintiff, but only against the officer or officers who used excessive force.  In that case, you must

then determine whether plaintiff's alleged injuries were proximately caused by the defendant's use of excessive force. I will explain proximate cause to you shortly.

### (a)    Prong Three – State of Mind – Intentional or Reckless

If you find that Mr. Alhovsky has established by a preponderance of the evidence that he suffered the loss of a constitutional right at the hands of Officers Gavin, Morenzoni and/or Paul, then you must determine whether plaintiff has shown, by a preponderance of the evidence, that the defendants or the defendants you are considering acted intentionally or recklessly in depriving him of that right.

If you find that one or all of the defendants intended to commit particular acts and those acts resulted in a violation of plaintiff's constitutional right to be free from excessive force, the standard is met. However, if you find that the acts of a particular defendant were merely negligent or an accident or mistake, then even if you find that plaintiff was injured as a result of those acts, you must return a verdict for that defendant.

An act is intentional if it is done knowingly, that is, if it is done voluntarily or deliberately and not because of mistake, accident or negligence. An act is reckless if it is done in conscious disregard of its known probable consequences.

By contrast an act is negligent is the defendant was under a duty or obligation recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.

There is no way to look into a person's mind. Therefore, in order to determine a person's intent, you have to look at what was done, and what the people involved said was in their minds, and your belief or disbelief with respect to those facts.

If you find that a defendant has acted intentionally or recklessly, then plaintiff has met his burden of proof with respect to that defendant. If, on the other hand, you find that a defendant committed an act of excessive force was merely negligent or by accident or mistake, then you must return a verdict in favor of that defendant – even if you find that the plaintiff was injured as a result of those acts. See Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

## 2. Third Element: Proximate Cause

The final element that Mr. Alhovsky must prove is whether a defendant's acts were the proximate cause of plaintiff's alleged injuries. If you find that Officers Gavin, Morenzoni or Paul used excessive force in effecting plaintiff's arrest, then, and only then, will you deliberate on the third element plaintiff must prove in order to prevail on a Section 1983 claim.

This third element you must consider is whether plaintiff suffered an injury directly as a result of being subject to excessive force and whether the injury was proximately caused by that particular defendant's actions in violating the particular right.

Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by a plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, if the injury or damage was a reasonably foreseeable consequence of a defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such

an effect in producing the injury such that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

To recover damages for any injury, plaintiff must show by a preponderance of the credible evidence that he suffered an injury and that such injury would not have occurred without the conduct of the defendant.  An injury may be a physical injury, pain and suffering, or mental anguish.  If you find that plaintiff has complained about an injury which could have occurred even in the absence of defendant's conduct, you must find that defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.  However, a defendant is not liable if a plaintiff's injury was caused by conduct independent of that defendant's acts or omissions or such conduct produced a result that was not reasonably foreseeable to that defendant. See Luis v. City of New York, 03 Civ. 0600, Jury Charge by the Hon. Kiyo A. Matsumoto (E.D.N.Y. Aug. 2005).

## PART III: DAMAGES

### 1. Damages

I will now instruct you about damages. You should draw no inference from my instruction that I have concluded that any of the defendants are liable to the plaintiff. It is my duty to instruct you on the law of damages. If you find that the plaintiff has not sustained his burden of proof against a given defendant, then do not deliberate about damages as against that defendant. Simply report a verdict in favor of that defendant on that claim. But if you find that the plaintiff has proved by a preponderance of the credible evidence, each and every necessary element of his claim against a given defendant, you will then consider the question of damages against that defendant.

Whether damages are actually to be awarded in this case, and if so, in what dollar amount, are matters for you, the jury, to decide in accordance with my instructions.

In determining the amount of damages, if any, that you decide to award, you should be guided by unemotional common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. Plaintiff must prove the amount of his losses with as much definiteness and accuracy as circumstances permit. Your award, if any, must be fair and just. It should be reasonable but not excessive.

You should not award damages more than once for the same injury. For example, if a plaintiff were to prevail on two different theories and establish a one dollar injury, you could not award the plaintiff one dollar on each theory.

If you award any damages to plaintiff in this case, you should *not* include any amount for attorney's fees incurred in bringing this action.  See <u>Weide v. City of N.Y.</u>, 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

### 2.   Compensatory Damages

Compensatory damages seek to make the plaintiff whole – that is, to compensate the plaintiff for the injury he suffered.  If you conclude that defendants intentionally violated the plaintiff's Constitutional rights, you must award the plaintiff such sum of money as you believe will fairly and justly compensate him for any injury you believe he sustained as a direct consequence of that violation.

You may award compensatory damages only for those injuries that you find the plaintiff has proven, by a preponderance of the evidence, to be the direct result of any violation of the plaintiff's Constitutional rights.  If you find that plaintiff suffered injury, but those damages were *not* the result of defendants' actions, then you may not award damages to compensate plaintiff for the injury.

Plaintiff may not recover for any injury that existed prior to the incident at issue, or for any injury from which he suffered that was not caused by a violation of his Constitutional rights.  <u>See</u> <u>Weide v. City of N.Y.</u>, 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

### 3.   Nominal Damages

If you return a verdict for plaintiff, but then find that plaintiff failed to prove by a preponderance of the credible evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.  Nominal damages must be awarded when the plaintiff has been deprived of a

constitutional right but has suffered no actual damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation. Therefore, if you find that plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

### 4.  Punitive Damages[3]

Plaintiff also seeks punitive damages here. If plaintiff has proven by the preponderance of the evidence that a defendant is liable, then you may, but you are not required, to determine whether the plaintiff is entitled to punitive damages.

In order to be entitled to punitive damages, you have to find that the plaintiff has clearly established that the acts of the defendant causing the proven injury were wanton or showed a callous or reckless disregard for the rights of others. The purpose of punitive damages is to punish for shocking conduct and to set an example to deter others from the commission of similar offenses in the future. Such damages are intended to protect the community and to be an expression of ethical indignation. See Scherer v. City of N.Y., 03 Civ. 8445, Jury Charge by the Hon. Robert W. Sweet (S.D.N.Y. April 2006).

However, punitive damages are not awarded as a matter of right but are awarded only if you believe the defendant acted so outrageously and evidenced such a degree of malice or callousness that he deserves to be punished, and that an example and deterrent

---

[3] Although defendants contend that after hearing the evidence, the Court will determine that no rationale jury could find punitive damages against the defendants in this case, Defendants propose the following language on punitive damages if the Court finds that the charge is necessary.

needs to be provided to assure that the defendant and others will be less likely to engage in such conduct in the future.  Smith v. Wade, 461 U.S. 30, 52-56 (1983).

If you do decide to award punitive damages, the amount of punitive damages should be reasonable and should be proportionate only to the need to punish and deter.

### 5.  Damages: Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which parties are entitled to your verdict in this case. Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.  See Laborde v. City of New York, 93-cv-06923, Jury Charge by the Hon. John G. Koeltl (S.D.N.Y. July 1998).

### PART IV. CONCLUDING INSTRUCTIONS

### 1.  Unanimous Verdict and Duty to Consult

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous – all 8 of you.  You should not tell me or anyone else how the jury stands on any issue until you reach your verdict and record it on your verdict form.

Each of you must decide the case for yourself, after consideration with your fellow jurors of the evidence in the case; and your verdict must be unanimous.  In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors.  That is the very purpose of jury deliberation:  to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present

your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you. In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

### 2. Election of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open Court. The foreperson's vote is not entitled to any greater weight than any other individual juror. Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

### 3. Communications Between Court and Jury During Jury's Deliberations

No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court. You will note from the oath about to be taken by the deputy that she too, like other persons, is forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict. In other words, do not tell me in any note what

- 23 -

**your vote is on any count.**  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

4.  **Exhibits to Jury Room**

**You will have all of the exhibits that I admitted into evidence with you in the jury room.**  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

5.  **Reviewing My Legal Instructions**

**If you find that you do not understand any of my instructions, or you want me to go over them again, to clarify some matters for you or just to reinforce what I had to say, send a note asking for re-instruction and I will be happy to go over them.**

**Don't assume, because I am sending the instructions back with you, that you can't ask me to go over the instructions again.  You can and I will.**  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

6.  **Read-Back of Testimony**

**If it should happen in your deliberations that you want any of the testimony read back to you by the court reporter in open Court, that can be done.  If that is what you want, please send me a note explaining precisely what you want to hear.  And be very specific.  If you want to hear, for example, the cross examination of Mr. Jones about the time the cat ate the canary, say so.**

**I urge you not to ask for the reading of testimony unless you first speak amongst yourselves and exhaust your total memory, since the collective memory of eight people is better than that of any one juror.  But if, after discussions, you are still in doubt or vague**

as to a particular point in the testimony and you want to have it read back, I will come out in open Court and I will have the court reporter read whatever testimony you want read. Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

**7.    Special Verdict Form**

I have prepared a special verdict form for you to used in recording your decision. The special verdict form is made up of several, numbered questions.  These questions are to be answered "yes" or "no," unless a question calls for a dollar amount as indicated.  Your answers must reflect the conscientious judgment of each juror.  See Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).

## 8.  Check With Attorneys for Objections

**At this point I am going to ask the jury to remain seated where you are for another moment as I ask that you do not discuss the case amongst yourselves.  I am going to speak briefly with the attorneys to see if there is something I may have left out of my instructions, or if there may be something they wish to have me clarify or expand upon in some way.  So please do not discuss the case and continue to keep an open mind, because I might have more to say to you after I have talked with the lawyers.**  Weide v. City of N.Y., 07 Civ. 0693, Jury Charge by the Hon. Colleen McMahon (S.D.N.Y. April 2009).


Dated:      New York, New York
              September 18, 2009

                         Respectfully submitted,

                         MICHAEL A. CARDOZO
                         Corporation Counsel of the City of New York
                         100 Church Street
                         New York, New York 10007
                         212-788-1194; 212-676-1307; 212-788-8342


                         By:    _____/s/_____
                               Dara L. Weiss,
                                   Senior Counsel
                             Jeffrey A. Dougherty,
                                   Special Assistant Corporation Counsel


Susan M. Halatyn,
   Senior Counsel
      Of Counsel